IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| KATHY CLOAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 05-1150-T/An |
| | ) | |
| KOHLER COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

The plaintiff, Kathy Cloar, filed this action against her former employer, the Kohler Company, pursuant to the Family and Medical Leave Act, ("FMLA"), 29 U.S.C. § 2601 *et seq.* Plaintiff alleges that she was terminated from her job in retaliation for requesting FMLA leave. Plaintiff also asserts a cause of action under Tennessee law, alleging that she was terminated in retaliation for filing a workers compensation claim. The defendant has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and plaintiff has responded to the motion.

A motion to dismiss under Rule 12(b)(6) tests whether a claim has been adequately stated in the complaint. Rule 8(a) requires the pleader to set forth a short and plain statement of the claim showing an entitlement to relief. In evaluating a motion to dismiss under Rule 12(b)(6), all allegations in the complaint are taken as true and the complaint is construed

liberally in favor of the party opposing the motion to dismiss. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). The complaint need only afford the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir. 1990) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A motion to dismiss under Rule 12(b)(6) is appropriate only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984) (citing Conley, 355 U.S. at 45-46)); Allard v. Weitzman (In re Delorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993). A complaint should not be dismissed because it does not state all the elements giving rise to a legal basis of recovery or because plaintiff misconceived the proper theory or claim if plaintiff is entitled to relief under any theory. Myers v. United States, 636 F.2d 166, 169 (6th Cir. 1981); Thomas W. Garland, Inc. v. City of St. Louis, 596 F.2d 784 (8th Cir. 1979), *cert. denied*, 444 U.S. 899 (1979). However, legal conclusions or unwarranted factual inferences need not be accepted as true. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).

In the complaint, plaintiff alleges that she filed a workers compensation action against the defendant on February 11, 2005 in connection with a claim for repetitive injuries to her hands and arms. Plaintiff had surgeries on her hands in February 2005 and in March 2005. (Compl. ¶ 7.) Plaintiff also alleges that as of March 1, 2005, under the defendant's

2

attendance policy she had 7.25 attendance credits and two "free occurrences"[1] available for use. Under the policy, each absence beyond an employee's "free occurrences" would result in the loss of one attendance credit, with the caveat that if medical or personal leave was approved, only one credit would be charged for the entire period of absence. (Compl. ¶¶ 11-12.)

On March 1, 2005, plaintiff allegedly advised defendant that her son, Ben, had been hospitalized, and made an oral request to take FMLA leave for the rest of the week in order to care for him. Plaintiff's husband went to the defendant's facility that same day and obtained a U.S. Department of Labor Certification of Health Care Provider form. (Compl. ¶ 8.) Plaintiff further alleges that on March 4, 2005 she provided defendant's Human Resources Specialist with the Certification of Health Care Provider form, completed by Ben's doctor. The doctor indicated on the form that the probable duration of plaintiff's need for FMLA leave was from February 28, 2005 through March 4, 2005.

When plaintiff returned to work on Monday, March 7, 2005, she was suspended for three days. On March 10, 2005, defendant notified plaintiff that her request for FMLA leave would not be approved because her son was eighteen years of age. Defendant then allegedly charged the plaintiff for her absences on March 1-5 in a manner that was contrary to the terms of its own attendance policy, and terminated plaintiff for exceeding the maximum number of absences allowable under that policy. (Compl. ¶¶ 16-22.)

---

[1] "Free occurrences" were for "documented doctor's visits not covered under the [FMLA] for themself (sic) and/or an immediate family member." (Compl. ¶ 10.)

3

The defendant has moved to dismiss plaintiff's FMLA retaliation claim on the grounds that, because her son was eighteen, she cannot show that the leave she requested was FMLA-qualifying. Therefore, defendant argues that plaintiff cannot establish a prima facie case of retaliation because she did not exercise a right that is protected by the FMLA.

Eligible employees are entitled to take up to a total of twelve weeks of FMLA leave per year under certain circumstances, including "to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. § 2612(a)(1)(C). Under the FMLA, an employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" provided by the statute, § 2615(a)(1), and may not "discharge or in any other manner discriminate against any individual for opposing any practice" that is unlawful under FMLA. § 2615(a)(2). Claims under § 2615(a)(1) are referred to as "entitlement" or "interference" claims, while claims under § 2615(a)(2) are referred to as "retaliation" or "discrimination" claims. Arban v. West Publ'g Corp., 345 F.3d 390, 400-03 (6th Cir. 2003).

The defendant relies on the decision in Humenny v. Genex Corp., 390 F.3d 901 (6th Cir. 2004) for the proposition that the FMLA provision prohibiting retaliation does not apply to situations in which an employee requests FMLA leave in good faith, even though she is not actually entitled to leave.

The employer in Humenny had less than fifty employees; therefore, pursuant to 29 U.S.C. § 2611(2)(B)(ii), the employee-plaintiff was excluded from coverage under the

4

FMLA. Humenny conceded that she had no actual rights under the FMLA, but contended that she believed, in good faith, that she did have such rights. She argued that the "eligible employee" requirement should not be applied when an employee alleges retaliation for attempting, in good faith, to exercise FMLA rights rather than merely asserting entitlement to FMLA leave. 390 F.3d at 904-05. The Sixth Circuit rejected the argument, holding that the "eligible employee" requirement applies in all FMLA cases, including retaliation cases. As Humenny was not an "eligible employee" under the FMLA, she had no FMLA rights to attempt to exercise. Id. at 905-06.

The defendant in this case does not argue that plaintiff was ineligible for coverage under the FMLA. Defendant argues only that the leave plaintiff requested for the specific dates in question was not FMLA-qualifying because her son was eighteen. Humenny, therefore, is inapposite.

In Hoffman v. Prof'l Med. Team, 394 F.3d 414 (6th Cir. 2005), the Sixth Circuit affirmed, without addressing that particular issue, the district court's holding that the plaintiff could sue under for retaliation under the FMLA even if her medical certification form did not actually qualify her for leave. Id. at 420, *aff'g* 270 F. Supp. 2d 954 (W.D. Mich. 2003). The district court in Hoffman relied upon the FMLA regulations, which provide:

> Individuals, and not merely employees, are protected from retaliation for opposing (e.g., file a complaint about) any practice which is unlawful under the Act. They are similarly protected if they oppose any practice which they reasonably believe to be a violation of the Act or regulations.

5

270 F. Supp. 2d at 965 (quoting 29 C.F.R. § 825.220(e)).

In Skrjanc v. Great Lakes Power Serv. Co., 272 F.3d 309 (6th Cir. 2001), the plaintiff alleged that he was discharged in retaliation for stating his intention to take his twelve weeks of FMLA leave. The defendant argued that Skrjanc did not assert a protected right under the FMLA because he actually remained off work for nine months after his discharge. The Sixth Circuit held: "The question of whether Skrjanc in fact took more than twelve weeks to recover is not relevant to the particular right he asserts in this case; that is, the right to request twelve weeks of leave pursuant to the FMLA without being fired in retaliation." Id. at 314.

Like the plaintiffs in Hoffman and Skrjanc, the plaintiff in this case has stated a claim for retaliation on the grounds that she was fired merely for requesting FMLA leave, regardless of whether her absences were, in fact, FMLA-qualifying.

For the foregoing reasons, the defendant's motion to dismiss is DENIED.

IT IS SO ORDERED.

_/s/ James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_26 September 2005_
DATE

6

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 1:05-CV-01150 was distributed by fax, mail, or direct printing on September 28, 2005 to the parties listed.

---

Justin Gilbert
THE GILBERT LAW FIRM
2021 Greystone Park
Jackson, TN 38308

W. Stephen Gardner
YOUNG & PERL, P.C.
One Commerce Square
Ste. 2380
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT